UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATIMA HAIDER<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>　　　　Defendants. | Civil Action No. 20-3808 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(December 1, 2021)

This matter comes before the Court on Defendants'[1] ("Government") [6] Motion to Dismiss. In this mandamus action, Plaintiff Fatima Haider ("Haider"), a lawful permanent resident of the United States, seeks an order compelling the Government to process her daughters' visa applications expeditiously. Plaintiff also appears to allege that the U.S. Department of Homeland Security's ("DHS") Controlled Application Review and Resolution Program ("CARRP") will discriminate against her and/or her family in future applications. In its Motion to Dismiss, the Government argues that: (1) her claims against DHS and affiliated entities are moot because it has granted what relief DHS can and (2) her claims against the U.S. Department of State ("State Department") and affiliated entities are not yet ripe because she has yet to provide information required by regulation.

---

[1] Defendants are the U.S. Department of Homeland Security, the U.S. Citizenship and Immigration Services, the U.S. Department of State, the U.S. Consulate, Dubai, United Arab Emirates, the Secretary of the Department of Homeland Security, the Director of the U.S. Citizenship and Immigration Services, and the Consul General of the United States of America at the United States Consulate, Dubai, United Arab Emirates.

1

The Court agrees, and, to the extent that Plaintiff alleges an injury arising from CARRP, that injury is too speculative to be justiciable. Accordingly, and upon consideration of the briefing,[2] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** the Government's [6] Motion to Dismiss and **DISMISS WITHOUT PREJUDICE** Plaintiff's [1] Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. Statutory Background

A lawful permanent resident applying for a visa for a family member must comply with a multi-step process governed by the Immigration and Nationality Act ("INA"). First, the applicant must submit a Form I-130 petition with the U.S. Citizenship and Immigration Service ("USCIS"), an agency within DHS. *See* 8 C.F.R. § 204.1(a)(1). In reviewing the I-130 petition, USCIS has applied CARRP to some, but not all, applications. *See Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 300 (D.D.C. 2017). CARRP is a program, allegedly ongoing, that purportedly "flags" some visa applicants for additional review based on national security concerns. *See id.* at 301. If DHS grants the I-130 petition it must then send the application for the National Visa Center ("NVC") for further processing, whether it has employed CARRP or not. *See* 8 C.F.R. § 204.2(a)(3). The NVC is a branch of the State Department.

---

[2] This Memorandum Opinion and Order focuses on the following documents:
- Complaint in the Nature of Mandamus ("Compl."), ECF No. 1;
- Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Defs.' Mot."), ECF No. 6-1;
- Declaration of Rebecca Austin ("Austin Decl."), ECF No. 6-2;
- Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp."), ECF No. 8; and
- Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Defs. Repl."), ECF No. 9.

In this second stage of the process, NVC receives the file from USCIS and imposes a waiting period until an application becomes "current,' permitting review.[3]  At that time, the applicant must then submit additional information on a new Form DS-260.  *See* 22 C.F.R. § 42.67(a).  Only once that additional form is submitted can NVC move to the final step—an interview between the recipient of the visa and a United States consular officer. 22 C.F.R. § 42.67(a)(1), (a)(3).  After the interview, "the consular office must [either] issue [or] refuse the visa."  22 C.F.R. § 42.81(a).

### B. Factual Background

Plaintiff Fatima Haider is a lawful permanent resident of the United States.  Compl. at ¶ 1. Haider's two daughters, Ryam and Rania Alaskaf, are citizens of Yemen and currently reside in the United Arab Emirates.  *Id.* at ¶¶ 2–3. On October 31, 2014, Haider filed two Form I-130 petitions for Alien Relatives on behalf of Ryam and Rania Alaskaf.  *Id.* at ¶¶ 18, 27.  Plaintiff alleges that her petitions were subjected to the USCIS's CARRP program, which she claims intentionally delays adjudication of applications of individuals from predominately Muslim countries.  *See id*. at ¶¶ 38–42.  USCIS approved these Form I-130 petitions on January 17, 2017.  *Id.* at ¶ 20; Defs.' Mot. to Dismiss, Ex. A, Declaration of Rebecca Austin ("Austin Decl.") at ¶ 6.  Incongruously, Plaintiff alleges that the USCIS has refused to adjudicate her petitions and to transfer the files to NVC for further processing.  *See* Compl. at ¶¶ 30, 36.  NVC began its review of Haider's daughters' cases when they became "current" on October 2, 2019.  The Government states, and Plaintiff does not appear to contest, that NVC emailed Haider on October 15, 2019, directing her to submit the required documentation.  *See* Austin Decl. at ¶ 6..  Ignorant of that

---

[3] *See* U.S. State Dep't, "Immigrant Visa Process Step 2: Begin National Visa Center (NVC) Processing," *available at* https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition/step-2-begin-nvc-processing.html (last accessed November 29, 2021 5:22 PM).

3

email, Plaintiff instead filed the instant complaint on December 23, 2020, alleging that her applications were never processed by NVC, nor were they subsequently sent to the U.S. Consulate in Dubai, United Arab Emirates for interviews.[4]  *See* Compl. at ¶¶ 34–36; 48–51. Haider only responded to NVC's on February 23, 2021, after the complaint was filed. Defs.' Repl. at 6 n.2.

Defendants now move under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  On April 12, 2021, Plaintiff filed her opposition to defendants' motion to dismiss and on April 19, 2021, Defendants filed their reply brief.  The motion to dismiss is now fully briefed and ripe for this Court's review.

## II.   LEGAL STANDARD

Federal courts are "courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As such, a court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction.  *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 91 (D.D.C. 2020).  The Court begins with the presumption that it does not have subject matter jurisdiction over a case.  *Kokkonen*, 511 U.S. at 377.

On a Rule 12(b)(1) motion, the plaintiff "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian*, 442 F. Supp. 3d at 91–92 (D.D.C. 2020); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  In determining whether there is jurisdiction, the court may "'consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of

---

[4] Defendants state that counsel for Plaintiff emailed Defendants on February 2, 2021, explaining that Plaintiff was unaware that NVC had emailed her until February 2, 2021.  Defs.' Repl. at 6 n.2.  Plaintiff does not dispute this account.

4

disputed facts.'" *Coal. For Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007).

However, "the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001). A court need not accept as true "'a legal conclusion couched as a factual allegation'" or an inference "'unsupported by the facts set out in the complaint.'" *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

#### A. Claims Against DHS and USCIS

Haider's claims against USCIS revolve mainly around an allegation of dilatory review in violation of the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *See* Compl. at ¶¶ 34–36. Defendants contend that any claims against DHS are moot, as USCIS has already approved Haider's Form I-130 petitions.. *See* Defs.' Mot. at 5. The Court agrees and shall dismiss all claims against DHS, USCIS, and associated Defendants for lack of subject matter jurisdiction.

Article III of the U.S. Constitution limits judicial power to actual, ongoing cases or controversies. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006). When there is no

longer a live controversy between the parties to which the court can grant relief, the matter becomes moot and, thereby, nonjusticiable. *See McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001). The mootness doctrine dictates that a controversy must remain live throughout the entire course of litigation for it to remain justiciable. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

In this case, USCIS has already adjudicated Haider's Form I-130 petitions and rendered a decision favorable to Haider. *See* Compl. at ¶¶ 20, 29, ("USCIS purportedly approved Plaintiff's Form I-130 immediate relative visa petitions on or about January 17, 2017"); *see also* Decl. of Rebecca Austin (Mar. 5, 2021) at 6–7 (confirming approval of the immigrant petitions for Ryam and Rania Alaskaf). Because USCIS has already rendered a final decision on Haider's Form I-130 petitions, and Haider has no additional forms pending before USCIS, there is no further action left for USCIS to take. *See Abbas v. DHS*, No. 1:20-cv-03192, 2021 WL 3856625, at *2 (D.D.C. Aug. 29, 2021) (CJN) (finding that a plaintiff's claims against DHS concerning her Form I-130 petition were moot when USCIS had approved the petition).; *see also Jafarzadeh v. Nielsen*, No. 16-1385, 2019 WL 2303854, at *5 (D.D.C. May 30, 2019) (JDB) (favorable adjudication of lawful permanent resident application mooted claim that CARRP delayed review). Therefore, Haider does not present a live claim related to her Form I-130 petitions to which the court can grant relief, and thus her unreasonable delay claim is moot.

Haider's claim that DHS's CARRP program unconstitutionally delayed her application fails for the same reason. It is undisputed that USCIS has already rendered a favorable decision on Plaintiff's Form I-130 petition. In this mandamus action, there is no further relief that this Court can grant Plaintiff. Indeed, Plaintiff has received the precise relief that she asks this Court

to order—expeditious review of her Form I-130 Petition. As Plaintiff's claims against DHS and USCIS are nonjusticiable, the Court dismisses them for lack of subject matter jurisdiction.

### B. Claims Against the State Department and NVC

Similar to her claims concerning her Form I-130 Petitions, Haider argues that the State Department has unreasonably delayed the processing of her daughters' visa applications in violation of the APA and the Due Process Clause of the Fifth Amendment. *See* Compl. at ¶¶ 48–51. It is undisputed that neither Haider nor her daughters have submitted all of the paperwork required, by regulation, for the State Department to move forward. Indeed, without the required documentation, the law does not permit the State Department to move forward. As such, the Court agrees with Defendants that any claim against the State Department or NVC is not yet ripe.[5]

To satisfy the Article III case or controversy requirement, a case must be "ripe" and cannot rely on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998). The court lacks subject matter jurisdiction if a plaintiff's claims are not yet ripe for review. *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 286 (D.C. Cir. 2012). As applied to agency action, "letting the administrative process run its course before binding parties to a judicial decision prevents courts from 'entangling themselves in abstract disagreements over administrative policies, and . . . protect[s] the agencies

---

[5] The Court pauses to note that Plaintiff did not respond to Defendants' argument that claims against the State Department and NVC were not yet ripe. As such, the Court would be entitled to treat this point as conceded. *See Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." (citation omitted)).

from judicial interference' in an ongoing decision-making process." *Id.* (brackets original) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967)).

Neither Haider nor her daughters have taken the required actions to further their visa applications with NVC. It is undisputed that, after Haider's Form I-130 petitions were approved by USCIS, they were sent to the State Department's NVC for processing. *See* Austin Decl. at ¶ 6. NVC created cases for Haider's daughters, Ryam and Rania Alaskaf, on January 27, 2017, and NVC began its review when they became, in Defendants' unexplained jargon, "current" on October 2, 2019.[6] *Id.* NVC then contacted Haider by email October 15, 2019, instructing her to submit the required documentation and pay the required fees. *Id.* Plaintiff appears to have only discovered that email in February 2021. Defs. Repl. at 6 n.2. On notice of the required documentation, Haider responded to NVC's email on February 23, 2021, yet evidently chose to continue this action. *See* Austin Decl. at ¶ 6. Furthermore, it is undisputed that, at this time, neither Haider nor her daughters have submitted all of the required documentation. *See id.* As NVC cannot move forward with that required information, any claims against the State Department and NVC are not yet ripe.

### C. Prospective Claims Against CARRP

Plaintiff appears to further allege that, absent relief from this Court, USCIS will apply the CARRP program to future visa applications.[7] Such a claim is, at this time, too speculative to be justiciable. To invoke this Court's jurisdiction, a plaintiff must show that she has "suffered an

---

[6] Defendants offer no explanation for why NVC waited more than twenty-nine months to act on the application, nor do they explain the process by which applications become "current." *See* Austin Decl. at ¶ 5.

[7] Plaintiff also appears to be under the mistaken belief that the State Department administers CARRP. Not so. CARRP, to the extent it still exists, is exclusively a USCIS program. *Ghadami v. DHS*, No. 19-cv-0397, 2020 WL 1308376, at *5-6 (D.D.C. Mar. 19, 2020) (ABJ).

injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted).  When a injury is predicated on an adverse administration action, the adverse action must be "imminent" or "certainly impending."  *See Am. Petrol.*, 683 F.3d at 386; *Church v. Biden*, No. 21-cv-2815, 2021 WL 5179215, at *19 (D.D.C. Nov. 8, 2021) (CKK).

Here, Plaintiff fails to demonstrate that she has suffered an invasion of a legally protected interest that is concrete and not hypothetical. Haider argues that the delay in processing her daughters' visa cases has injured her because her daughters remain outside of the United States. Pl.'s Opp. at 7.  However, it is far from "certain[]" that Haider's daughters will submit visa applications in the future, much less that CARRP will be applied to those applications.  *See Am. Petrol.*, 683 F.3d at 386.  Without such an injury-in-fact, the Court lacks jurisdiction over Plaintiff's CARRP-related claim.

## IV.   CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED**, that Defendants' [6] Motion to Dismiss is **GRANTED**; it is further

**ORDERED**, that Plaintiff's [1] Complaint is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to close this case.

**SO ORDERED**.

Date:   December 1, 2021                              /s/
                                                    **COLLEEN KOLLAR-KOTELLY**
                                                    United States District Judge